**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **SHELLY PHEIGARU** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. _____ |
| | § | |
| | § | |
| **SHELL EXPLORATION AND** | § | **JURY TRIAL DEMANDED** |
| **PRODUCTION COMPANY** | § | |
| | § | |
| Defendant. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Shelly Pheigaru files this Original Complaint against Shell Exploration and Production Company ("**Shell**").

### NATURE OF THE CASE

1. This is an employment discrimination and equal rights lawsuit brought against Shell under the Americans with Disabilities Act, as amended 42 U.S.C. §§ 12101 *et seq*. (the "**ADA**"), and the Pregnancy Discrimination Act, as well as Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) *et seq*.

2. Ms. Pheigaru files this lawsuit because Shell has failed to accommodate her physical disabilities that existed secondary to a difficult pregnancy, and by improperly conducting a review of her work based upon a scale as if she had not been out on family/medical leave. Instead of making any attempt to accommodate Ms. Pheigaru's physical limitations, Shell forced her to meet performance goals based upon full time work, even though she was on maternity leave. This resulted in Ms. Pheigaru's termination for a bad performance review,

when others not pregnant and not on maternity leave, would have had the full-time hours and days needed to meet the same performance goals.

## PARTIES

3. Ms. Pheigaru is an individual currently residing in Houston, Texas. Ms. Pheigaru may be served with any supplemental pleading or paper through the undersigned counsel.

4. Shell is a corporation organized under the laws of Delaware, with its principal office located at 910 Louisiana Street, Houston, Texas 77002. Shell may be served with process through its registered agent: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## JURISDICTION

5. This Court has subject matter jurisdiction over Ms. Pheigaru's ADA claims under 28 U.S.C. §§ 1331 and 1343, because they arise under the laws of the United States and are brought to recover damages for deprivation of equal rights.

6. Ms. Pheigaru has exhausted her administrative remedies before filing this lawsuit. On September 15, 2015, Ms. Pheigaru filed a Charge with the Equal Employment Opportunities Commission under Charge No. 460-2015-04095. On August 30, 2015, the EEOC provided her with a Notice of Right to Sue.

## VENUE

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), (c) and 42 U.S.C. § 2000e-5(f)(3), as Shell has offices, conducts business, and can be found in this district, and the causes of action arose and the acts and omissions complained of occurred here in this district.

## RELEVANT FACTS

8. Shell is in the business of exploring and producing crude oil, natural gas, and natural gas liquids in North America. It operates principally in Gulf of Mexico, California, South Texas, and Wyoming, with its principal office in Anchorage, Alaska. It operates as a subsidiary of Royal Dutch Shell, PLC.

9. Shell hired Ms. Pheigaru on June 4, 2012, as a Technical Data Management Technician in Shell's Data Management Group division. From the beginning, Hector Romero was the Data Management Team Lead over Ms. Pheigaru up until August 15, 2014. Randy Petit assumed that role for Shell the next day August 16, 2014, through Ms. Pheigaru's last day with Shell, August 31, 2015.

10. Shell uses as a "key performance factor" for evaluating the employees of the data Management Team, the "loading time" or the number of days it took to process this data.

11. Ms. Pheigaru found out she was pregnant in July of 2013, and notified her Manager in October of 2013. Ms. Pheigaru's pregnancy became high risk due to the large size of the child in gestation, and her high blood pressure, which left her with a higher risk of future medical issues. Because of these same factors, Ms. Pheigaru's child had a higher risk of medical issues. She applied for early extended benefits under Shell's Non-Occupational Disability Benefits and the Family Medical Leave Act for early leave through Shells contractor that administered those benefits - the ReedGroup. At least by that time, Shell was aware of her condition and her need for extended medical leave.

12. Ms. Pheigaru took her medical leave starting on March 3, 2014, when she gave an early birth to her son, and going through May 19, 2014, or 11 weeks in total. Unknown to her, Shell left all of her data entry material allocated to her and did not reassign any of it while she was out on medical leave. Ms. Pheigaru was told that the effect of her time off had on her data

entry duties and responsibilities performance level (that she was out for 11 weeks  ) would be taken into consideration for her performance evaluation.

13. From June 4, 2012 to February 2015, Ms. Pheigaru worked at Shell without apparent incident. However, in February 2015, Ms. Pheigaru was given a poor performance production rating for her data entry solely occurring in 2014. She had not previously been given a prior performance rating for data entry or otherwise. Unknown to Ms. Pheigaru, Shell calculated her rating and compared it to others based upon a twelve (12) month year rather than the actual nine and a half (9.5) month year for which she was being evaluated. This evaluation also did not take into consideration that, unlike others who were not out on family/medical leave, Ms. Pheigaru did not have as many hours in that time-period on which she could accomplish the goals set by Shell.

14. With that evaluation, Shell instituted and used the fact Pheigaru was out on family/medical leave, without adjusting her "months worked," all in a plan to force Ms. Pheigaru out of Shell. Shell's conduct toward, and disparate treatment of, Ms. Pheigaru, in the manner of how the evaluation was conducted, was also directed to other women who were in similar situations at Shell. Shell's evaluation of Pheigaru's work performance based upon a twelve-month work year, when she was only able to work a little over nine months due to her pregnancy resulted in disparate treatment of Pheigaru by virtue of her pregnancy and sex. This occurred because males cannot become pregnant, and as such do no suffer the same limitations caused by pregnancy. Shell's failure to take into account Pheigaru's work limitations during her pregnancy had the effect of discriminating against her, which directly resulted in Shell's termination of her employment.

15. On July 14, 2015, Ms. Pheigaru was brought in to a meeting solely with her then

team Lead, Randy Petit, who told her she was being fired as of August 31, 2015 for her poor performance rating she had received for her original data entry duties in 2014, While Randy Petit informed her, at that time, that August 31, 2015 was her last day on the payroll unless she was able to find another position within Shell, he also told her, at that time, that she was not eligible to apply for any other job at Shell. Shell treated Ms. Pheigaru differently than other employees who are similar in their ability or inability to work. Additionally, Shell's employment performance review and retention of employee policy and procedures had the result of adversely and disparately impacting, all Shell employees who had difficult or high risk pregnancies compared to those that did not; in that those affected employees were given poorer performance reviews while ignoring their family/medical leave time off work, and/or terminated those affected employees at a higher percentage rate than non-affected employees.

16. Shell has attempted to characterize the firing of Ms. Pheigaru as part of a "workforce reduction." However, Shell now claims that as a part of that workforce reduction at that time, Shell took into consideration employee's performance over a three (3) year period. When Shell met with Ms. Pheigaru in July 2015 and terminated her they advised her that it was based upon her performance review in 2014 and the a twelve (12) month period related thereto, not a three (3) year period. In that twelve (12) month period, Ms. Pheigaru was only able to work nine and one half (9.5) months, because the rest of the time she was out on family/medical leave for her pregnancy. By their actions, Shell required Ms. Pheigaru's performance standards for her actual work in nine and one half (9.5) months, meet the standard they allowed other employees meet with a twelve (12) month work period; and did not accommodate Ms. Pheigaru for the time she was out. Even if, as Shell now contends, they were evaluating everyone, including Ms. Pheigaru, on a three (3) year period, they again treated her differently that other

non-pregnant employees, because again they did not take into account that Ms. Pheigaru was only able to work nine and one half (9.5) months in 2014, or otherwise provide her with an accommodation for her pregnancy family/medical leave disability.

17. Further, on information and belief, it appears that Shell has a pattern of discrimination of employees with pregnancies, as they also laid off another woman in her department who had taken pregnancy medical leave, when others in the department that remained had not. The actions of Shell in not taking into account the time employees who were pregnant had to be away from work for medical attention, and/or family/medical leave, when evaluating them on their performance productivity, results in a disparate treatment of and disparate impact on employees of Shell who are pregnant.

## CAUSES OF ACTION

### Cause of Action 1--Discrimination Against Disability in Violation of the Americans With Disabilities Act 42 U.S.C. §§ 12111 *et seq*

18. Ms. Pheigaru incorporates the allegations of Paragraphs 1-17 as if fully set forth herein.

19. Shell is an employer and covered entity as defined in 42 U.S.C. §12111.

20. Pheigaru is a qualified individual as defined in 42 U.S.C. §12111, and a qualified employee for the position she held at Shell. At the time of the discrimination complained of herein, Pheigaru was an individual with a disability as defined under 42. U.S.C. §12102.

21. Shell was aware of Ms. Pheigaru's disability.

22. Shell discriminated against Ms. Pheigaru by virtue of her disability. Specifically, Shell, through Randy Petit, targeted Ms. Pheigaru by wrongfully, and without notice, calculating Ms. Pheigaru's performance on a different scale than those who had not taken family/medical leave and/or accrued personal time off, or other employees who were similar in their ability or

inability to work, all on the basis of her disability.

23. Alternatively, Shell discriminated against Pheigaru by failing to make reasonable steps to accommodate Pheigaru's disability.  Shell failed to participate in any collaborative process with Pheigaru to accommodate her disability, and instead wrongfully insisted that Pheigaru be required to complete her targeted performance levels for work that would otherwise be completed by others in a twelve (12) month period, in whatever reduced period Ms. Pheigaru was able to work due to the medical leave and disability.

24. Because of the unlawful acts of Shell, Pheigaru has suffered damages in the form of lost pay, and any other actual damages, as well as for mental anguish.

### Cause of Action 2--Unlawful Employment Practices Disparate Treatment in Violation of the Civil Rights Act 42 U.S.C. §§ 2000e *et seq*

25. Ms. Pheigaru incorporates the allegations of Paragraphs 1-17 as if fully set forth herein.

26. Shell is an employer as defined in 42 U.S.C. §2000e.

27. Pheigaru is an employee as defined by 42 U.S.C. §2000e, and a qualified employee for the position she held at Shell.  At the time of the discrimination complained of herein, Pheigaru was a female individual with a disability related to her pregnancy. Pheigaru was an individual with a disability as defined under 42. U.S.C. §12102.

28. Shell was aware of Ms. Pheigaru's gender and her disability related to her pregnancy.

29. Shell discriminated against Ms. Pheigaru by virtue of her gender and her disability related to her pregnancy.  Specifically, Shell, through Randy Petit, targeted Ms. Pheigaru by wrongfully, and without notice, calculating Ms. Pheigaru's performance on a different scale than those who had not taken family/medical leave and/or accrued personal time

off, and/or others who are similar in their ability or inability to work, all on the basis of her gender and her disability related to her pregnancy.

30. Alternatively, Shell discriminated against Pheigaru by failing to make reasonable steps to accommodate Pheigaru's disability. Shell failed to participate in any collaborative process with Pheigaru to accommodate her disability, and instead wrongfully insisted that Pheigaru be required to complete her targeted performance levels for work that would otherwise be completed by others in a twelve (12) month period, in whatever reduced period Ms. Pheigaru was able to work due to the medical leave and disability.

31. Because of the unlawful acts of Shell, Pheigaru has suffered damages in the form of lost pay, and any other actual damages, as well as for mental anguish.

### Cause of Action 3--Unlawful Employment Practices Disparate Impact in Violation of the Civil Rights Act 42 U.S.C. §§ 2000e *et seq*

32. Ms. Pheigaru incorporates the allegations of Paragraphs 1-17 as if fully set forth herein.

33. Shell is an employer as defined in 42 U.S.C. §2000e.

34. Pheigaru is an employee as defined in 42 U.S.C. §2000e, and a qualified employee for the position she held at Shell. At the time of the discrimination complained of herein, Pheigaru was a female individual with a disability related to her pregnancy. Pheigaru was an individual with a disability as defined under 42. U.S.C. §12102.

35. Shell was aware of Ms. Pheigaru's disability related to her pregnancy.

36. Shells procedures and policies regarding load times and performance evaluation in setting goals, which consideration of time out for family/medical leave, had the effect of discriminating against Ms. Pheigaru by virtue of her disability related to her pregnancy. These same procedures and polices automatically has a disparate impact on certain employees due to

their gender sex, and/or disability related to her pregnancy.  Specifically, Shell, through these procedures and policies, have the result of targeting female employees in the same or similar condition as Ms. Pheigaru by adversely affecting their performance evaluations as compared to other employees without any pregnancy or disability related to her pregnancy. The elements making up Shell's decision making process on evaluating load times and retention or firing are not capable of a separation for analysis.  The process has the effect of refusing to retain, or firing at a rate statistically significant more females with a pregnancy or disability related to pregnancy, than others who are not pregnant or have a disability related to pregnancy.

37. Because of the unlawful acts of Shell, causing a disparate impact on similarly situated employees, Pheigaru has suffered damages in the form of lost pay, and any other actual damages, as well as for mental anguish.

## Cause of Action 4--Attorneys' Fees

38. Ms. Pheigaru incorporates the allegations of Paragraphs 1-16 as if fully set forth herein.

39. Because of Shell's unlawful acts as described herein, Ms. Pheigaru has had to retain an attorney, and will be required to pay attorneys' fees.

40. Ms. Pheigaru seeks an award of the attorneys' fees she incurs in this lawsuit as provided by law.

## JUY DEMAND

41. Ms. Pheigaru demands a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## RELIEF REQUESTED

42. Based on the foregoing, Plaintiff Shelly Pheigaru requests that the Defendant be

cited to appear and answer this Complaint, and that upon trial of this lawsuit, that she be granted the following relief:

    a. Compensatory and punitive damages in an amount to be determined at trial;

    b. An award of costs and attorney's fees; and

    c. All other relief to which she is justly entitled, at law and in equity.

                                  Respectfully submitted,

                                By: */s/J. Robert MacNaughton*
                                      J. Robert MacNaughton
                                      State Bar No. 00789944
                                      robert@porterpowers.com
                                      5900 Memorial Drive, Suite 305
                                      Houston, Texas 77007
                                      (713) 621-0700 telephone
                                      (713) 621-0709 facsimile

                              **COUNSEL FOR SHELLY PHEIGARU**

**OF COUNSEL:**

**PORTER & POWERS, PLLC'**
M. Kevin Powers
State Bar No. 24041715
kevin@porterpowers.com
5900 Memorial Drive, Suite 305
Houston, Texas 77007
(713) 621-0700 telephone
(713) 621-0709 facsimile