# EXHIBIT 6

# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| SHELLY PHEIGARU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 4:16-CV-03228 |
| | § | |
| | § | |
| SHELL EXPLORATION AND | § | JURY TRIAL DEMANDED |
| PRODUCTION COMPANY, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure Shelly Pheigaru ("**Plaintiff**"), respectfully makes her mandatory initial disclosures to Shell Exploration and Production Company ("**Defendant**") as follows:

## RULE 26(a)(1)(A)(ii)

1.     **Names, addresses, and telephone numbers of individuals likely to have discoverable information that may be used by Plaintiff to support its claims or defenses:**

Pursuant to Rule 26(a)(1)(A), the following individuals are likely to have discoverable information:

**RESPONSE:**

Shelly Pheigaru
c/o Porter & Powers, PLLC
5900 Memorial Drive, Suite 305
Houston, Texas 77007
713-621-0700 Telephone
713-621-0709 Facsimile

Plaintiff, with knowledge of events acts and medical condition relative to the claims and defenses in this lawsuit.

1

EXHIBIT 6

J. Robert MacNaughton
M. Kevin Powers
Porter & Powers, PLLC
5900 Memorial Drive, Suite 305
Houston, Texas 77007
(713) 621-0700 (tel)
(713) 621-0709 (fax)

Plaintiff's attorneys with knowledge of the value of attorneys' fees related to the claims of the Plaintiff and similar claims of other parties in this region.

REDACTED

Shell Exploration and Production Company
c/o Norton Rose Fulbright US, LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

Defendant, with knowledge of events acts and medical condition relative to the claims and defenses in this lawsuit.

The Reed Group
10355 Westmoor Drive
Westminster, Colorado 80021
303-247-1860 (tel)

Employment leave management services as an outsource company for Defendant, with knowledge of events acts and medical leave relative to the claims and defenses in this lawsuit.

2

EXHIBIT 6

Langston Brant, Human Resources Account Manager
Randy Petit, last manager
Hector Romero, previous manager
Luke Harklerroad, Shell employee related to Plaintiff's job
Debbie Barker, Shell employee related to Plaintiff's job
Steve Heying, Shell employee related to Plaintiff's job
Beth Miller, Shell employee in similar position
Shell Exploration and Production Company
c/o Norton Rose Fulbright US, LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

Current, or past, employees of the Defendant, with knowledge of events, acts, Well Technical Data Management, Shell's key performance factors and software, and medical leave relative to the claims and defenses in this lawsuit.

Marilyn Blackshear, Investigator
Rayford O. Irvine, District Director
Keith T. Hill, Acting District Director
Elisabeth S. Henderson, Enforcement Supervisor
U.S. Equal Employment Opportunity Commission ("**EEOC**")
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
713-651-4911 (tel)

EEOC has information of the complaint filed by the Plaintiff, the response of the Defendant and the decisions made, and authority granted, by the EEOC related thereto.

Dedra Grant
Dr. Phebe Chen
Dr. Ruth Preece
Mericor Alemendras
Texas Children's Hospital
Maternal Fetal Medicine
Methodist West Houston
18400 Katy Freeway, Suite 540
Houston, Texas 770094
281-646-1480 (tel)
832-825-8967 (fax)

Medical provider for Plaintiff, with knowledge of Plaintiff's pregnancy and the medical records related thereto.

3

EXHIBIT 6

REDACTED

4

EXHIBIT 6

## <u>RULE 26(a)(1)(A)(ii)</u>

2.   **Documents, data compilations, and tangible things that are in the possession, custody or control of Plaintiff that may be used to support its claims or defenses:**

**RESPONSE:**

Plaintiff may rely on the following categories of documents in support of her claims and defenses in this matter:

A.   Employment, and related Family Medical Leave Act health records of the Plaintiff has related to her employment with the Defendant.

B.   Employment, and related Family Medical Leave Act health records about the Plaintiff that the Defendant has related to her employment with the Defendant.  *Certain additional documents of this type are not in the possession of the Plaintiff and she will need to obtain them through discovery*;

C.   Correspondence between the parties and other related entities regarding Plaintiff's employment and health matters while Plaintiff word for the Defendant.  *Certain additional documents of this type are not in the possession of the Plaintiff and she will need to obtain them through discovery*;

D.   Plaintiff's Medical Records related to her pregnancy which working for the Defendant.

E.   Plaintiff's personal and employment history while working for the Defendant and since that time. in this lawsuit.

F.   Defendant's employment manuals and procedures.  *These documents are in the possession of the Defendant and the Plaintiff will need to obtain them through discovery*;

G.   EEOC documents. *Certain additional documents of this type are not in the possession of the Plaintiff and she will need to obtain them through discovery*;

H.   Expert Reports. *No experts have been designated at this time, these documents will be produced with expert testimony and designation;*

5

EXHIBIT 6

## RULE 26(a)(1)(A)(iii)

3. **Damages computation:**

    **RESPONSE:**

    Plaintiff has been damaged by the loss of employment, and seeks back pay consisting of salary and benefits being pre-judgment interest, and negative tax consequences, including the value of the health benefits Plaintiff would have received if she had retained her employment, and front pay. Plaintiff seeks compensatory damages being the value of the continued employment, and the continued participation in retirement and health benefits available, with the Defendant less the income and retirement and health benefits received since. To the extent the Defendant's actions in making the determination to terminate the Plaintiff was not just an incidental result of using a discriminatory formula, but was an intentional act to allow the discriminatory formula to be misused in order to discriminate against the Plaintiff undertaken "with malice or reckless indifference to the federally protected rights of" the Plaintiff, the Plaintiff seeks punitive damages including amounts for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, subject to any applicable caps on such award. Plaintiff seeks recovery or the reasonable and necessary attorneys' fees in asserting the Plaintiff's claims. Plaintiff seeks all damages for which she may be entitled at law for each claim asserted.

## RULE 26(a)(1)(A)(iv)

4. **Insurance agreements:**

    **RESPONSE:**

    None known of, at this time.

## JUDGE'S ORDERED DISCLOSURES

5. **Information from worker:**

A. No more than two pages identifying how, when, and by whom he was mistreated. If the claim includes oral characterizations, furnish exact phrasing, witnesses, dates, and places.

Shelly Pheigaru was discriminated against because of her sex, female (pregnancy) and disability (difficult pregnancy, delivery, and high risk child) by being subjected to different terms and conditions of employment than others in assessment and opportunity, and subsequently terminated.

Her performance rating – "loading time" (which as far as is known and explained was calculated on how long it took her to input data into Shell's systems that sat in her "in que" – or in box) by following data in jTrac (Shell's computer system to keep track of data and the time in was "in

6

EXHIBIT 6

que") as a full time Data Loader was not based on an accurate assessment of her performance in its entirety because the parameters used did not properly account for the time she was out on Family Medical Leave, or account for the time she needed in order to breastfeed when she did return to work.  The work that was assigned to her and in her "in que"" as she went out on maternity leave was not reassigned to another data loader in jTrac, then the clock continued to run, counting this time against her that was never corrected. In addition, the jTrac data when input into the system immediately indicated it had been in the system many days, sometimes hundreds, prior to when the data firs showed up into her "in que" – something she told her supervisor at the time.  During her time back at work, she was breastfeeding which required her to leave one building go use a breast pump in another building and then return, which took an extraordinary amount of time out of her day.  In addition, her son was very sick with pneumonia, chronic asthma and numerous ear infections and he had to have surgery to help relieve these issues and this took time out for me to deal with these issues.   The HR department, and her last superior purposefully ignored all of these facts when using only her performance rating to terminate her.

In addition, in September or October of 2014, she was directed to perform the additional job responsibilities for surveillance, which required her to divide her time between data loading and surveillance, without giving her credit or a discount in the performance rating calculations for the time she spent doing surveillance.  Her poor performance review was only based on her data loading rating which reflected that my production was down in 2014. Her original supervisor was Hector Romero and in August or September of 2014, Randy Petit became her new supervisor.   When she was terminated she was told her performance in terms of a "key performance factor" – loading time – was lower relative to her team peers in 2013, 2014, and 2015.  She was also informed "her role was being eliminated effective August 31, 2015" and "this would be her last day on payroll unless she was able to find another position with the Company."  However, when she asked her supervisor (Randy Petit) if she could apply for another role, he told her that she was not eligible to apply for any other position at Shell.

B.      A list of others who can corroborate mistreatment.

Randy Petit, last manager
Hector Romero, previous manager from September 2011-August/September 2014
Debbie Barker, Shell employee
Steve Heying, Unofficial section lead over data loading and surveillance
Beth Miller, Shell employee

C.      A list of employees who the worker says were treated better than he under similar
        circumstances.

Beth Miller, perhaps others unknown at this time.

EXHIBIT 6

D.   The worker's employment history for the ten years before joining or applying to the company.

Stephen F Austin State University student 2003-2007
Shell Oil Company (assistant to event planner internship) 2008
Geotrace Technologies 2008-2010
DXP Enterprises 2010-2011

E.   A list of sources and amounts of income since the worker left the company.



F.   A list of positions applied for—including when, where, for what job, and with whom— since leaving the company.

REDACTED

G.   Notes, calendars, diaries, or journals kept during employment with the company.

Plaintiff passed along all notes to the person taking over her job in surveillance at termination.

H.   A list of all mental and physical health professionals the worker has visited for. the last ten years, including the date, place, and reason. Furnish the records—not a release—for each visit that the worker says is causally related to his employment.

8

EXHIBIT 6

I.      An itemization of damages with the method of calculation.

See Rule 26 Response above.

J.      A separate, precise, factual description of the basis for having sued each defendant other than the employer itself.

Not applicable.

**6.     Worker's portion of time-line for use with joint disclosure to court:**

| | |
|---|---|
| June 4, 2012 | - Plaintiff started work with Defendant on hourly basis |
| _____, 2012-13 | - Plaintiff switched to salaried employment |
| Sep/Oct __ 2013 | - Plaintiff becomes pregnant but didn't want to tell manager about it |
| December __, 2013 | - Plaintiff discloses pregnancy |
| February 28, 2014 | - Plaintiffs last day of work due to scheduled inducement with large baby |
| March 3, 2014 | - Delivered Case David Pheigaru via emergency C-section |
| May 12, 2014 | - Plaintiff went back to work full time.<br>During return Plaintiff was pumping for breast feeding while working. |
| Sept/Oct ___, 2014 | - Plaintiff started doing additional surveillance work<br>(taking over for Luke Harkleroad). |
| February __, 2015 | - Plaintiff given poor performance review |
| July 14, 2015 | - Plaintiff was told that she would be losing job August 31, 2015<br>and that she was not eligible to apply for another job. |

Respectfully submitted,

By: */s/J. Robert MacNaughton*
     J. Robert MacNaughton – *Attorney in Charge*
     State Bar No.: 00789944
     S.D. Tex. No.: 18350
     robert@porterpowers.com
     5900 Memorial Drive, Suite 305
     Houston, Texas 77007
     (713) 621-0700 (tel)
     (713) 621-0709 (fax)

**COUNSEL FOR SHELLY PHEIGARU**

EXHIBIT 6

**OF COUNSEL:**

**PORTER & POWERS, PLLC'**
M. Kevin Powers
State Bar No. 24041715
S.D. Tex. No. 37195
kevin@porterpowers.com
5900 Memorial Drive, Suite 305
Houston, Texas 77007
(713) 621-0700 (tel)
(713) 621-0709 (fax)

## CERTIFICATE OF SERVICE

        A true and correct copy of the foregoing was served by way of the court's ECF system or by United States first class mail, postage prepaid, on February 8, 2017, as follows:

Shauna Johnson Clark
Fazila Issa
Norton Rose Fulbright US, LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

                                By: */s/J. Robert MacNaughton*
                                        J. Robert MacNaughton

10

EXHIBIT 6